## No. 7740.

### MRS. A. A. WALKER VS. MRS. L. T. BARRELLI.

$\dfrac{32}{123}\ \dfrac{467}{636}$

A voluntary absence of ten years, by one residing in this State, who communicates with no one relative to property owned here and makes no provision for its administration, and gives no information as to her whereabouts or intention, is good evidence of intent to abandon the domicile in Louisiana and justifies attachment.

Domiciliary service of citation must be upon the defendant, or upon some one living in the house with defendant.

The law does not require the copy of citation to be served on the attorney *ad hoc* in attachment proceedings. Briant vs. Hebert, 30 An. 1128, affirmed as to duration of writ of *fi. fa.*

Purchases by unauthorized married women are annullable only on their demand, or that of their heirs or husbands.

It suffices that the attorney swear to the best of his knowledge and belief, in attachment suits. The sufficiency of evidence, can only be questioned on appeal.

The oath of the creditor is *prima facie* proof of the absence in attachment proceedings.

A debtor residing in this State must be cited either personally or at domicile or the judgment will be null.

APPEAL from the Sixth Judicial District Court, parish of St. Tammany. *Duncan*, J.

<hr>

Samuel R. Walker for plaintiff and appellant :

First—A *fi. fa.* is issued to be returned in seventy days. The law prohibited a longer delay. C. P. 604 ; Acts 1855, p. 253 ; 15 An. 189 ; 17 An. 467.

Second—The failure of a sheriff to return within the time is *prima facie* evidence of the debt. 23 An. 253, 207.

Third—The purchaser at a judicial sale is a necessary party to an action to annul the sale. 30 An. 310 ; C. P. 608, 609 ; Hennen's Dig. p. 746 (c.) No. 2 ; 10 R. 425.

Fourth—The affidavit by an agent that he verily believes the debt is due is insufficient. C. P. 242 ; 7 N. S. 610 ; 11 An. 625 ; 13 An. 473 ; 10 An. 324.

Fifth—The corporeal possession of the property in controversy, its effects and presumptions of law arising therefrom. Arts. 3442, 3443, 3444, R. C. C.; C. P. 605, No. 4, 607, 608, 609, 610, 611, 612, 613.

Sixth—A *curator ad hoc* has no capacity to act until served with copies of citation and petition. 6 R. 142 ; 12 R. 540 ; 10 R. 324 ; 13 An. 487 ; Hennen's Dig. Absentee 9, s. 277 ; 10 M. 472 ; 12 R. 461 ; 9 An. 550.

Seventh—The curator *ad hoc* is not bound to file an answer. It may be a better defense not to file answer. C. P. 260, 266 ; 14 An. 75, 79 ; 2 An. 239 ; 3 An. 381 ; 11 An. 184.

Eighth—Prescription cannot avail the defendant. C. C. 3483.

Ninth—The adjudication of Doherty was in contravention of law. R. C. C. 122 ; C. C. 12.

Ellis & Ellis for defendant and appellee :

First—On motion to dismiss, the husband's affidavit cannot be considered in favor of the wife. C. C. 2281.

Second—This court has no jurisdiction. Const. 1879, arts. 81 and 261.

Third—The affidavit was good. C. P. 216, 217.

Fourth—The defendant in Russell vs. Torre was an absentee. R. C. C. 47, 3556, No. 3.

Fifth—The sale was within the return-day of the writ. C. P. 318 ; 30 An. 1128.

Sixth—A tender of the price to the defendant, the purchaser of the property, is a condition precedent to plaintiff's action to recover. 30 An. 891 ; 30 An. 174 ; 30 An. 1233.

Seventh—Prescription. C. C. 3542, 3543 ; Hennen's Dig. (N. S.) p. 1219, No. 5, 6, 8, 14, p. 1220, No. 18, 24, 25.

The opinion of the court was delivered by SPENCER, J.

## ON MOTION TO DISMISS.

Plaintiff brings this suit to annul a sheriff's sale of a house and lot in Covington to the defendant, and to recover said property as owner. The defendant and appellee moves to dismiss the appeal on the ground that the amount in dispute does not fall within our jurisdiction. An inspection of the record satisfies us that we have jurisdiction, and the motion to dismiss is denied.

## ON THE MERITS.

Plaintiff acquired this property in 1866, at sheriff sale, made under execution issued on a judgment in her favor against J. C. Barrelli, and took possession of it. She removed in the early part of 1868, with her children, to New Orleans, and there contracted two debts, one to Russel & Hall for about $103, and another to Berry Russel for about $200. Being unsuccessful in her business in New Orleans (being then the

widow Della Torre) she went to South Carolina, taking her children with her. She left a servant in charge of her premises in Covington—the servant not living in the main house, but in a small house across the street, also the property of plaintiff. Plaintiff after reaching South Carolina seems to have lived with her relatives part of the time and part of it was engaged in teaching school.

In June, 1868, after her departure for South Carolina, Russel & Hall brought suit in the parish of St. Tammany, where the property lies, by attachment, alleging that she had left the State permanently. The house and lot were seized under the attachment, and finally sold under the judgment rendered in said suit, and were bought by the defendant, who was the wife of J. C. Barrelli, for $700 on twelve-months' credit.

Berry Russel also brought suit later and attached the same property, and obtained judgment also. In 1878 the plaintiff brought suit to annul these judgments of Russel & Hall and Berry Russel, joining Mrs. Barrelli as a co-defendant. But on exception the suit was dismissed as to her, and proceeded to judgment only contradictorily with the other parties. There was judgment for plaintiff annulling said judgments. She now brings this suit against Mrs. Barrelli to annul her title and recover the property. The grounds of nullity alleged are in substance,

First—Want of legal citation, she being a citizen of Louisiana, having her domicile in Covington, where service should have been made. That in these suits no service of citation was made on J. M. Thompson, who was appointed attorney *ad hoc* to represent her.

Second—That the writs of *fi. fa.* under which her property was sold had expired at the time of sale.

Third—That Mrs. Barrelli, the purchaser, being a married woman, was incapable of buying without the authority of her husband, and the sale to her was absolutely void, as made in contravention of a prohibitory law.

Fourth—That the affidavit of G. H. Penn, the attorney, was not sufficient to warrant the issuance of the attachments.

Fifth—That the judgments were rendered on insufficient evidence, especially as to the permanent absence of the debtor.

Sixth—It is also charged that these suits and the sale were the results of a corrupt conspiracy between Russel, Hall, Penn, Thompson, and the parish judge, to despoil plaintiff of her property.

We will consider these grounds of nullity in their order:

1. It is not denied that at the time these attachments were taken plaintiff had left the State. Her own evidence shows that she was so absent for ten years—from 1868 to 1878. She admits that she never communicated with any one during that time about her property, paid no taxes, and made no arrangements for the care and administration of

the property. Her friends and relatives here were left unadvised as to her whereabouts, or her intentions. A voluntary absence of two years from this State, under these circumstances, forfeited her residence therein. R. S. 1202.

True, these facts, at the time the attachments were taken, had not developed themselves ; but they are good evidence now to show what was probably her intention then. We think the absence was such as justified the attachments. Nor do we think that service on the servant would have been good, as the law requires that domiciliary service be on a person living in the house *with* defendant. We have just seen that the defendant in attachment did not live in Covington when the writs issued.

The proceedings prescribed by law for attachment suits seem to have been scrupulously complied with. The citation was served by posting a copy at the courthouse door, as was the writ of attachment. An attorney *ad hoc* was appointed, and defended the suit by denying all plaintiff's allegations. The law does not require service of citation to be made on him in attachment suits. C. P. 254.

2. The writ, or rather *alias* writ, of *fi. fa.* under which the sale was made had not expired on the day of sale. It issued May 29, 1869, and the sale was made on August 7, 1869. See Briant vs. Hebert, 30 An. 1128.

3. The purchase of property by a married woman, without authority, is annullable only on her own or her husband's demand, or on that of her heirs. C. C. 134. In the present case, however, there is no room to doubt that the husband did authorize the wife.

4. Penn made the oath as agent or attorney, and swore to the best of his knowledge and belief. This was all the law required. C. P. 216, 217.

5. The sufficiency of the evidence on which a judgment was rendered can be inquired into only on appeal from that judgment. The oath of the creditor is *prima facie* proof of the absence of the debtor. True, if the debtor was not in fact an absentee, but a resident of the State, the judgment would be null—not for insufficiency of evidence, but *for want of citation.* A resident of the State must be cited either personally or by service at his domicile. If not so cited, the judgment against him is absolutely void.

6. We find no proof in this record sustaining the charge of combination and conspiracy alleged. Penn was the attorney of plaintiffs, and so far as we can see, was guilty of no improper practices. It is said he was security on the attachment bonds, and also on the twelve-months' bond given by Mrs. Barrelli. We are at a loss to see what impropriety there was in this, or in the fact that judgments were written up by him in the attachment suits.

The plaintiff made the parish judge and Thompson, the attorney *ad hoc*, defendants in this cause, and claimed of them large damages. The judge was never cited, and the suit properly dismissed as to Thompson on his exception of misjoinder, etc. The petition as to Thompson did not on its face set forth any specific acts of misconduct on his part, but charged in general terms neglect of duty, and that he colluded with others.

It is said he did not move for a new trial or appeal. We know no law that compels an attorney *ad hoc* to do these things, especially at his own expense and against his judgment. He seems to have used proper effort to obtain plaintiff's address, but without success.

We find no evidence whatever that the defendant, Mrs. Barrelli, or her husband were guilty of any fraud or of colluding with the plaintiffs in these suits. She was a third person, and her rights are unaffected by the judgment, rendered subsequent to her purchase, annulling the judgments of Russel & Hall and Berry Russel. She was no party thereto. That judgment of nullity was, it seems, rendered on default, and so far as the defendants therein are concerned, is final. We are not advised of the reasons which actuated the parish judge. We hold that instead of being absolute nullities, they are, so far as this record enables us to judge, good and valid. If there were irregularities, they are not apparent, and not of a character to strike with absolute nullity the proceedings. The defendant swears that her twelve-months' bond has been paid, but the payment or non-payment thereof in no wise affects the validity of her purchase. If not paid, she can be compelled to do so or give up the property. Third persons, without notice, purchasing at judicial sales are affected only by absolute nullities.

We think the judgment appealed from is correct, and it is affirmed with costs.