(49 South. 219.)

No. 17,584.

STATE ex rel. FLEMING v. JOYCE,
Registrar, et al.

(April 26, 1909.)

ELECTIONS (§ 72*)—QUALIFICATION OF VOTERS
—"ACTUAL BONA FIDE RESIDENT."

A person moving, with his wife and child, from the state of Louisiana to Natchez, in the state of Mississippi, and there residing, and who has never moved back to this state but has had an intention to return, cannot be considered as an "actual bona fide resident" of the precinct and parish from which he removed, in the sense of article 197 of the Constitution of 1898.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 72.*]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Action by the State, on the relation of D. B. Fleming, against John J. Joyce, registrar, and Louis Valentine, to strike name of defendant Valentine from the registration rolls. Judgment for plaintiff, and defendants appeal. Affirmed.

Dagg & Dale, for appellants. John Stirling Boatner, Jr., for appellee.

LAND, J. This is a proceeding to strike from the registration rolls the name of Louis Valentine on the ground that he had been a resident of the city of Natchez, state of Mississippi, for a period exceeding six months, and had removed permanently from the state of Louisiana.

Defendant Valentine appeared by counsel, and answered, pleading the general issue, and specially averring that he was a legally qualified voter in and for the Second precinct of the Seventh ward of the parish of Concordia, in which is situated the village of Ferriday, and was properly registered to vote therein.

There was judgment in favor of the relat- or as prayed for, and the defendant has appealed.

Louis Valentine was registered as a voter in the Second precinct of the Seventh ward on March 15, 1909. He formerly resided in said precinct, and was a qualified voter therein. In September, 1908, Valentine failed in business, and was employed as a drummer by a merchant doing business in Natchez, Miss. In December, 1908, Valentine moved his family to Natchez, Miss., and took up his residence there. He admits that he does not actually reside in the parish of Concordia, but he testified that he left with the intention of returning, and intends to return as soon as he can lease a suitable house. Several witnesses testified that the defendant resided in Natchez, Miss., and was not a resident of the parish of. Concordia.

The contention of the defendant is that while there was a change of actual residence there was no change of political domicile, because the defendant always had the intention of returning to the parish of Concordia.

The Constitution of 1898 not only restricted suffrage, but made many radical changes in the election laws of this state. Article 197, § 1, reads as follows:

"He shall have been an actual *bona fide* resident of this state for *two* years, of the parish *one* year and of the precinct in which he offers to vote *six* months next preceding the election; *provided that removal from one precinct to another in the same parish shall not operate to deprive any person of the right to vote in the precinct from which he has removed, until six months after such removal.*"

We have italicized the changes in the organic law. By comparison with article 185 of the Constitution of 1879, it will be seen that the proviso is new matter—that the residence must not only be actual, but bona fide, and that the term of residence in the state and parish has been doubled, and in the precinct has been extended from 30 days to 6 months.

Both Constitutions contain the following provision:

"And wherever any officer, state, judicial, parochial, municipal or ward, may change his residence from this state, or from the district, parish, municipality or ward in which he holds such office, the same shall thereby be vacated, any declaration of retention of domicile to the contrary notwithstanding."

Under section 1 of article 197 of 1898, the proviso implies the rule that any removal or change of residence from the precinct deprives the person of the right to vote therein. Article 210 declares that every office holder must be a duly qualified elector of the district wherein the functions of the office are to be performed, and that any change of residence shall vacate the office, any declaration of retention of domicile to the contrary notwithstanding.

We construe the provisions above recited to mean that in regard to the electoral domicile the law considers the fact of residence, and not the intention of the person, even when declared and recorded in the manner prescribed by article 42 of the Civil Code. Such residence must be actual and bona fide at the date of registration. While the electoral domicile is not lost by the temporary absence of the voter on account of business or pleasure, or even by his temporary residence elsewhere, it seems to us to be plain that when the defendant moved himself, family, and household effects to Natchez, and there engaged in business and established his residence, he thereupon lost his right to vote in the parish of Concordia. His indefinite intention to return will not suffice. Under the defendant's theory he might live in Natchez, Miss., for 1 year, 11 months, and 30 days and continue to vote in the village of Ferriday, in the state of Louisiana, where he neither lives nor does business nor has an abiding place.

In Estopinal v. Michel et al., 121 La. 879, 46 South. 907, and Estopinal v. Vogt et al., 121 La. 883, 46 South. 908, this court held that the term "residence" used by the Constitution in fixing the qualification of voters does not mean domicile, but the abode at which a man actually lives and works, the purposes of the requirement being to provide a term of educational probation and to prevent a colonization of voters. This abode may be a lodging house, and it makes no difference that the man may have in another parish a home where he keeps his wife and children. Id.

The question whether a man is an actual bona fide resident of any particular precinct is one of fact. On the other hand, the question of domicile frequently requires for its solution an extended inquiry into the facts of the case and an application of nice principles of law. We are satisfied that the framers of our Constitution intentionally adopted the qualification of actual residence as a simple requirement, easy to be understood and susceptible of ready determination.

Most of the cases cited by defendant's counsel relate to changes of domicile. Walker v. Barrelli, 32 La. Ann. 467; Hyman, Lichtenstein & Co. v. Schlenker & Hirsch, 44 La. Ann. 116, 10 South. 623; Succession of Steers, 47 La. Ann. 1554, 18 South. 503. In State v. Alexander, 35 La. Ann. 1100, it was held that a mere temporary absence from the state during the year prior to the service of a juror, if without intention of changing citizenship or abandoning residence, will not destroy the qualification of the juror. We see no objection to this doctrine. The case of Tullos v. Lane, 45 La. Ann. 333, 12 South. 508, decided that the merely temporary absence of a voter from the parish to be followed by the resumption of his former residence, will not be considered as an abandonment of such residence. The facts are not stated, but we assume that the voter had returned to his former home,

as he voted at the election, and this conclusion is borne out by the syllabus. We concur in the view that a mere temporary absence of the voter does not forfeit his right to vote at the place of his usual residence.

Counsel for defendant also cite cases from our sister states to the effect that departure from the state, with the intention of returning, does not operate a loss of the former residence. 24 A. & E. Ency. Law, p. 599. Citation of cases under statutes differing from our constitutional provisions can afford but little assistance to the court in reaching a conclusion in the case at bar.

The words "actual bona fide resident" mean more than the word "resident," and are stronger than the word "actual resident." The sole exception or proviso in article 197 of the Constitution to the requirement of actual bona fide residence is that removal to another precinct in the same parish shall not divest the right to vote in the precinct of the former residence for a period of six months. There is no saving clause in case of removal to another parish or from the state. A person moving out of the state, with his wife and child and household effects, and residing and working in another state, and who has never moved back to the state of Louisiana, cannot be considered as "an actual bona fide resident" of the precinct from which he removed. Article 197 of the Constitution excludes constructive residence based merely on intentions.

Judgment affirmed.