(54 South. 933.)

No. 18,741.

STATE ex rel. HODGES v. JOYCE, Registrar of Voters, et al.

(April 10, 1911.)

*(Syllabus by the Court.)*

ELECTIONS (§ 72*)—QUALIFICATIONS OF VOTERS—"ACTUAL BONA FIDE RESIDENT."

The term "actual bona fide resident," as used in article 197 of the Constitution, relative to suffrage and elections, means a person who has an abode at which he actually lives. When a person has had no habitual abode, but has lived and worked in different places, his actual residence in one of them cannot be extended by intendment.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 67–70; Dec. Dig. § 72.*

For other definitions, see Words and Phrases, vol. 1, p. 168; vol. 8, p. 7565.]

Appeal from Tenth Judicial District Court, Parish of Concordia; John S. Boatner, Judge.

Proceeding by rule by the State, on the relation of A. J. Hodges, against John J. Joyce, Registrar of Voters, and another, to erase the other defendant's name from the registration roll. Judgment for defendants, and relator appeals. Reversed.

Calhoun & Calhoun, for appellant. John S. Boatner, Jr., for appellee Hunter.

LAND, J. This is a proceeding by rule to erase the name of the defendant G. Z. Hunter from the registration roll of the Ferriday precinct, on the ground that he had not resided in said precinct for more than six months. There was judgment for the defendant, and the relator has appealed.

Defendant has *actually* resided in Ferriday since December 26, 1910. The burden was on him to prove actual bona fide residence in the precinct for six months immediately preceding the municipal election fixed for April 18, 1911. Within the past two years the defendant has lived in other places in and out of the state. He came back to Ferriday in March, 1909, and stayed there about three weeks, without any occupation, when he was ordered to leave by the police authorities. Between the date of his departure and the last of April, 1910, the defendant paid two short visits to Ferriday. During this interval he moved around, stopping at Monroe, Collinston, and Bogalusa. On his last visit to Ferriday, he stayed there about a week, and then (to use his own language) "went out home" and worked at the carpenter's trade for his uncle, and then came back to Ferriday, where he worked in a poolroom about two weeks. About March 10, 1910, the defendant went to Tallulah where he worked about six weeks at the carpenter's trade, and then stayed there and played ball all the summer. Defendant then went to Ferriday, and stayed about two days, then went to Memphis, where he stayed about a week, and then went to New

Orleans, where he stayed five weeks, working in a grocery store. After visiting his mother in Mobile, he went to Waterproof, in Concordia parish, where he was born, and worked for a while on a plantation. Defendant returned to Ferriday on December 26, 1910, and was hired to run a pool and poker room. It thus appears that between May 10 and December 26, 1910, the defendant was absent from Ferriday most of the time, and while there had no work or occupation, and no abode except a boarding house. The Constitution requires that a person offering to vote shall be an "actual bona fide resident" of the precinct for at least six months immediately preceding the election. The term "residence," as thus used, does not mean domicile, but the "abode at which a man actually lives and works." The law considers the fact of residence, rather than the intention of the person. See State v. Joyce, 123 La. 633, 49 South. 219; Estopinal v. Michel, 121 La. 879, 46 South. 907, 19 L. R. A. (N. S.) 759; Estopinal v. Vogt, 121 La. 883, 46 South. 908.

The undisputed facts show that the defendant had no *actual* residence or employment in the village of Ferriday between May 10 and December 26, 1910, and during that period lived and worked in other places. His visits to Ferriday during that time were brief and transient. Defendant at no time left any personal belongings in Ferriday, and might have claimed actual residence in other places with more plausibility. We may add that the bona fides of defendant's intention to remain in Ferriday beyond the day of the election is impeached by the testimony of several reputable witnesses as to his declarations.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the name of the defendant G. Z. Hunter be erased from the registration roll, as prayed for by the relator.