(70 South. 226)

No. 21657.

CAUFIELD v. CRAVENS, Registrar (KELLER et al., Interveners).

(Nov. 15, 1915.)

*(Syllabus by the Court.)*

1. ELECTIONS ⬤⟞72 — VOTERS — RESIDENCE — CONSTITUTIONAL PROVISION.

The words "bona fide," as used in the present Constitution, appear to have been added to the word "actual," as used in the Constitution of 1879, merely, as they themselves indicate, to emphasize the importance of good faith as a factor in the determination of the question of residence, and, by the application of that test, to prevent a person who has one or more residences from calling the one or the other his legal residence, as it may suit his interest or convenience, but to the prejudice of the rights of others.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 67, 68, 70; Dec. Dig. ⬤⟞72.]

2. ELECTIONS ⬤⟞72—VOTERS—"ACTUAL BONA FIDE RESIDENT"—TEMPORARY ABSENCE.

The term "actual, bona fide resident," as used in article 197 of the Constitution 1913

cannot reasonably be interpreted to mean that, in order to acquire, and still less to retain, such status, one must remain continuously in the town, or upon the premises, of the residence, and the status, described, is not, therefore, affected by temporary absences, occasioned by considerations of duty, business, health, or pleasure, unless, being voluntary, they extend beyond prescribed periods, or, are accompanied by the acquisition of residence elsewhere.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 67, 68, 70; Dec. Dig. ⬤⟞72.]

3. DOMICILE ⬤⟞4—ACTUAL BONA FIDE RESIDENT—MATTERS DETERMINATIVE.

One does not lose his status as an actual bona fide resident of a place, either because he finds it necessary to establish his family elsewhere, or does not, in the absence of his family, maintain a domestic establishment in such place. The question is largely one of intention, and the intention of a person, in that respect, is determined by his expressions thereof, at times not suspicious, and his testimony, when called on considered in connection with his conduct and the circumstances of his life.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. ⬤⟞4.]

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Jos. L. Golsan, Judge.

Action by George L. Caufield against J. L. Cravens, Registrar, wherein George G. Keller and another intervened. From judgment for plaintiff, defendant appeals. Affirmed.

H. H. Kilbourne, of Clinton, for interveners and appellants. Lawrason & Kilbourne, of St. Francisville, for appellee.

MONROE, C. J. Defendant prosecutes this appeal from a judgment commanding him to reinscribe plaintiff's name on the roll of registered voters of the "Wilson" precinct, in the Fourth ward of the parish of East Feliciana, from which he had stricken it on the ground that plaintiff had ceased to be an actual, bona fide, resident of that precinct, ward, and parish, within the meaning of article 197 of the Constitution. The registrar made no appearance in the district court, and issue was joined, between plaintiff, on the one side, and George G. Kelly and Frank M. Norsworthy, intervening as citizens and

voters, on the other side. The facts disclosed by the record are as follows:

[1-3] Plaintiff came to Louisiana, from Mississippi, in 1889, being then 16 years old, and established himself in Baton Rouge, where he was employed in the office of the Yazoo & Mississippi Valley Railroad Company, and in 1896, while so established and employed, he was married to a young lady whose parents then lived, and now live, in Wilson. In 1897 he was transferred to the freight department of the railroad company, the headquarters of which were, and are, at Wilson, and he removed with his family to that place with the intention of making it their permanent home, and remained there, keeping house, until 1911, during which period the family was increased by the addition of six children. He then, in order that the children should profit by the better educational advantages which are afforded at Baton Rouge, established them there, with their mother, in a house rented for their accommodation, always with the fixed intention that the family should return to Wilson when the purpose of their sojourn in Baton Rouge shall have been accomplished, and with no intention of abandoning his own residence and citizenship in Wilson. Plaintiff was employed, during the first two years of his residence in Wilson, as flagman, and thereafter as conductor, and his duties required him to be away from his place of residence a great, and perhaps the greater, part of his time; but it is conceded that he became an actual, bona fide, resident of Wilson, and the contention of the interveners is that he lost that status by reason of the removal of his family to Baton Rouge and the change in his habits of life which followed their removal. One does not, however, lose his status, as an actual, bona fide, resident of a place, either because he finds it necessary to establish his family elsewhere, or because, in the absence of his family, he does not maintain a domestic establishment at such place. The question is one largely of intention, and the intention of a person, in that respect, is determined by his expressions thereof, at times not suspicious, and his testimony, when called on, considered in connection with his conduct and the circumstances of his life. Plaintiff's testimony as to his intention is uncontradicted, and there is no evidence that he has ever expressed any other intention than that to which he has testified. After the removal of his family as before, he continued to pay his poll tax, and to register and vote, in Wilson, and he also continued to pay a street tax, which is imposed only upon residents of the town. He continued in the employ of the railroad company, as freight conductor, and his duties, as before, required him, at times, to handle trains which started from, or stopped at, or passed through, Baton Rouge and Wilson, and at other times to handle trains which touched neither of those places; but, in any event he was, and is, required to report and get his orders at Wilson. His family being in Baton Rouge, he maintains no domestic establishment in Wilson, but lodges, at times, at a hotel in the town, in certain rooms which are set apart for train conductors, and at other times at the residence of his wife's father; and, when the schools in Baton Rouge close their terms, his wife and children spend the vacations, either at the home of his wife's father in Wilson, or at that of his mother in Mississippi. In 1912—the year following the removal of his family to Baton Rouge—plaintiff was elected, as a qualified elector of Wilson, to represent, in part, the parish of East Feliciana in the House of Representatives of the General Assembly, and he still holds that position. Starting, then, with the admission that he was an actual bona fide resident of Wilson until 1911, when he moved his family to Baton Rouge, we find nothing in that circum-

stance, or in his subsequent course of life, or in any statement attributed to him, which would justify us in holding that he has lost that status. The term, "actual bona fide resident," as used in the Constitution, cannot reasonably be interpreted to mean that, in order to acquire, and, still less, to retain, such status, one must remain continuously in the town, or upon the premises, of the residence, and the status described is not therefore affected by temporary absences, occasioned by considerations of duty, business, health, or pleasure, unless, being voluntary, they extend beyond prescribed periods, or, are accompanied by the acquisition of residence elsewhere; nor is it affected by absences of indefinite duration if one be engaged in the business of the state, or the United States, or on the high seas, or be a student of any institution of learning. Const. art. 208; R. S. § 1202. Nor, is it affected by the fact that one resides in a hotel, or boarding house, or in the house of some family connection, since the law prescribes no condition in that respect. The words, "bona fide," as used in the present Constitution (article 197), appear to have been added to the word, "actual," as used in the Constitution of 1879 (article 185), merely, as they themselves indicate, to emphasize the importance of "good faith," as a factor in the determination of the question of residence, and, by the application of that test, to prevent a person who has two or more residences from calling the one or the other his legal residence as it may suit his interest or convenience, but to the prejudice of the rights of others.

In Estopinal v. Michel, 121 La. 879, 46 South. 907, 19 L. R. A. (N. S.) 759, it was held that defendants, who were bar pilots, living in what may be called barracks, near the mouth of the river, were actual, bona fide, residents of that locality, though their families resided in homes provided for them in New Orleans.

In State ex rel. Hodges v. Joyce, 128 La. 434, 54 South. 932, it was held that a person living at Ferriday (in this state), in a stationary box car (with an elder brother who was a car inspector), but who had gone to Mississippi under employment there, who "frankly testified that he expected to remain in Mississippi as long as he could hold his present job, but would return to his home at Ferriday if he lost his job, or got sick, or could obtain a better job in Louisiana," who had left his trunk and part of his clothing in Ferriday, and who had no other abode in this state, was "an actual, bona fide resident of Ferriday, since he had acquired a residence there, and had not changed, or intended to change, it, which ruling is in accordance with the generally accepted doctrine that a domicile once gained remains until another is acquired, and that, where the question is in doubt, the original domicile is to be considered the true one. McCrary on Elections, appendix, p. 462; A. & E. Enc. of Law (2d Ed.) vol. 10, p. 598; State v. Savre, 129 Iowa, 122, 105 N. W. 387, 3 L. R. A. (N. S.) 455, 113 Am. St. Rep. 452; Gravillon v. Richards' Ex'r, 13 La. 293, 33 Am. Dec. 563.

The judgment appealed from is therefore affirmed.