202 So.2d 672 (1967)
William E. STAVIS
v.
Henry J. ENGLER, Jr., Chairman of and Orleans Parish Democratic Executive Committee, Poseph A. Casey, and Joseph E. Songy, Jr.
No. 2922.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1967.
Formal Opinion September 15, 1967.
*673 Thomas Barr, III, New Orleans, for plaintiff-appellant.
Caryl H. Vesy, Joseph DiRosa and Oliver S. Delery, New Orleans, for Henry J. Engler, Jr., Chairman of and Orleans Parish Democratic Executive Committee, defendants-appellees.
Beuker F. Amann, New Orleans, for Joseph E. Songy, Jr., defendant-appellee, and Joseph S. Casey, intervenor.
Before YARRUT, SAMUEL and BARNETTE, JJ.
BARNETTE, Judge.
For reasons to be given in a formal opinion to be filed herein, the judgment of the Civil District Court for the Parish of Orleans of August 31, 1967, dismissing the petition for mandamus at petitioner's cost is reversed.
It is now ordered, adjudged and decreed that the protest to the candidacy of petitioner William E. Stavis in the Democratic Party Primary election to be held on November 4, 1967, for nomination for the office of member of the State House of Representatives from Representative District No. 22, composed of Ward 4 of the Parish of Orleans, be dismissed.
It is further ordered, adjudged and decreed that writs of mandamus issue to Henry J. Engler, Jr., Chairman of the Orleans Parish Democratic Executive Committee and to said Committee ordering and commanding said Chairman and Committee to accept the qualifying papers of William E. Stavis as a candidate for nomination for the office of member of the State House of Representatives from Representative District No. 22 of Ward 4 of the Parish of Orleans, State of Louisiana, in the primary election to be held on November 4, 1967, and to certify forthwith the name of William E. Stavis to the Secretary of State of Louisiana as a candidate for nomination to said office in the manner and form provided by law, and to do and perform all acts and duties required by law to insure to petitioner William E. Stavis participation in said primary election as a candidate for said office.
Costs of these proceedings are to be paid by defendants-appellees.
Reversed; judgment rendered.

FORMAL OPINION
This is an appeal from a judgment dismissing plaintiff's petition for a writ of mandamus directed to the Orleans Parish Democratic Executive Committee to compel said committee to accept his qualifying papers and to certify him to the Secretary of State as a candidate for member of the House of Representatives in the State Legislature.
Plaintiff-appellant, William E. Stavis, duly filed on August 11, 1967, his qualifying papers and paid the required fee to be a candidate in the Democratic primary election to be held November 4, 1967, for nomination for the office of member of the State House of Representatives from Representative District No. 22, composed of Ward 4 of Orleans Parish. After having thus qualified, his qualification was attacked by formal protest timely filed by Joseph E. Songy, Jr., an alleged qualified elector of the Representative District in question. The substance of the protest is simply that Mr. Stavis is not a resident, as required by law, of the district in which he seeks to be a candidate, but is, instead, a resident of Ward 9 and Representative District No. 26 of Orleans Parish.
Following the filing of the protest, the Orleans Parish Democratic Executive Committee, of which Henry J. Engler, Jr. is chairman, notified Mr. Stavis, who answered timely. A hearing was had by the committee on August 21, 1967. At the *674 conclusion of the hearing, a resolution was adopted in effect holding that William E. Stavis is not a resident of Representative District No. 22, composed of Ward 4 of Orleans Parish. Accordingly he was held disqualified to be a candidate in the November 4, 1967 Democratic primary election, and the chairman was directed to so notify the Secretary of State and to return to Mr. Stavis the deposit made with his qualifying papers.
Mr. Stavis then filed suit in the Civil District Court for the Parish of Orleans seeking a writ of mandamus under provisions of LSA-R.S. 18:364 ordering and commanding Henry J. Engler, Jr., Chairman of the Orleans Parish Democratic Executive Committee, and said committee to accept his qualifying papers and to certify him to the Secretary of State as a candidate for the nomination in question in the Democratic primary election, November 4, 1967. He also attacked the validity of the proceedings of the Democratic Executive Committee on certain alleged irregularities regarding the issuance of notice of the meeting of the committee to hear the protest, and prayed for a judgment decreeing the action of the committee a nullity.
Made defendants in plaintiff's suit are Henry J. Engler, Jr., Chairman of the Orleans Parish Executive Committee, the Committee, Joseph E. Songy, Jr., who filed the protest, and Joseph A. Casey, the opposing candidate for the nomination in question. On the date of trial it was revealed that Joseph A. Casey was not a proper party defendant, he being the father of the opposing candidate, Joseph 5". Casey, and that plaintiff's petition was in error in respect to the name Joseph A. Casey. An instanter amendment to substitute Joseph S. Casey was refused and Joseph A. Casey was dismissed from the proceeding. However, Joseph S. Casey, the real party in interest, was allowed to intervene and he adopted the pleadings of Joseph E. Songy, Jr. He is, therefore, a party to the proceeding.
After hearing testimony and receiving in evidence certain documentary evidence on the trial of the rule to show cause, the trial judge found the following facts, as stated in his reasons for judgment:
"The petitioner William E, Stavis contends that he is a resident of 237 Decatur, which is in the Fourth Ward and in District 22, Orleans Parish. His wife and children reside at 316 Delery which is not in the Fourth Ward, District 22.
"From the evidence presented to the Court there is no doubt that the petitioner William Stavis maintains an apartment above his place of business at 237 Decatur and does spend a night or nights there each week. His restaurant and bar operates twenty-four hours a day, seven days a week.
"However, this alone does not or cannot confer `actual residence' on the petitioner per se. We must then look to the intent of petitioner.
"Defendants produced the application of Mr. Stavis for homestead exemptions on 316 Delery for the years 1966, 1967 and 1968. No homestead exemption was ever claimed by him at 237 Decatur Street.
"In June 1967 a mortgage loan was made at 316 Delery Street wherein Mr. Stavis asserts he is presently living and residing with his wife.
"The application for beer and liquor permits for the years 1963 to date filled out by petitioner himself, lists his home address at 316 Delery Street.
"His wife filed one application as Manager at 237 Decatur, listing her home address at 316 Delery Street.
"When petitioner was served with a petition, the Deputy went to 237 Decatur Street but was told by petitioner's wife that Mr. Stavis was at home. The Deputy served Mr. Stavis at 316 Delery Street.

*675 "From the facts presented, the testimony and physical evidence there is no question that the actual residence of William E. Stavis is at 316 Delery Street."
We find no serious fault with the above statements of fact as far as they go, but there are other significant facts which we think make the conclusion reached by the trial judge insupportable. It is our opinion that his conclusion of law that plaintiff did not have actual residence at 237 Decatur Street was in error.
Unquestionably the plaintiff is and has been for more than ten years a registered elector in Ward 4 of the Parish of Orleans; first at 125 Decatur Street, then at 127 Decatur Street, and then 237 Decatur Street, his present address of registration. This was established by copies of his registration and the testimony of the Registrar of Voters.
In addition to plaintiff's testimony and that of his wife and two of his three children, five other persons testified that he maintained living quarters at 237 Decatur Street above his restaurant and bar. His business, which he personally manages with his wife's assistance, is open 24 hours a day, every day of the week. He sleeps in the quarters upstairs about five nights a week. He owns and maintains also a residence at 316 Delery Street in Ward 9, at which he spends an average of about two nights a week with his wife and children. His wife and children spend some nights with him at his residence at 237 Decatur Street.
In brief the testimony clearly indicates that Mr. Stavis maintains two residences: one principally, but not exclusively, for his wife and children on Delery Street, and one principally, but not exclusively, for himself at 237 Decatur Street. There is no indication whatever of estrangement between him and his wife, but rather the contrary, and their living arrangement is one of convenience for personal supervision of his business and to provide a more suitable environment for his wife and three young daughters.
We do not agree with the legally conclusive implications found by the trial judge from the fact that homestead exemption was claimed on the Delery Street residence. It is not unusual for persons to maintain two or more residences. Homestead exemption can be claimed on only one of them and it is more reasonable, it seems to us, that it be claimed on the principal residence of the wife and children in a residential neighborhood than on the husband's principal residence in a commercial district. We see nothing contradictory in this fact.
Furthermore, we attach no significance to the fact that in the mortgage loan transaction by which the Delery Street home was refinanced a declaration was made that Mr. and Mrs. Stavis were living and residing together. As we have stated above, there is no estrangement between them and they are indeed, as far as the evidence in this case indicates, living together as man and wife. The declaration in the mortgage was truthful and their living together in the legal or physical sense is not necessarily confined to a single residence.
With respect to the liquor license application on which plaintiff listed his residence address as 316 Delery Street, the plaintiff testified:
"Q Mr. Stavis, I show you Songy 2, which Mr. Amman questioned you about which shows the home address 316 Delery Street.
Will you tell the Judge why or if there was a reason why you showed that address?
"A Yes. When you file for a liquor application they ask you if you have any other residence besides the establishment that you occupy for your liquor, they would rather have that then [sic] the address at which you are getting your permit; also when I had two establishments they made me delegate somebody as a manager because having two establishments you are not supposed to be able to *676 runone person is not supposed to be able to run them; you have to have a manager. That's why I delegated my wife as manager at 237 Decatur, when I still had 125 Decatur.
"Q Where were you living at the time you made that application?
"A I was living at 125 Decatur."
Residence which a person can maintain in more than one place is not to be confused with domicile of which he can have only one. This is simply a case in which a party maintains two places of "actual residence" in the City of New Orleans. Obviously he could not legally register and qualify as an elector in both wards and precincts. His choice of one instead of the other was for him to make. Having done so and having continuously maintained his registration from Decatur Street for ten years, he cannot be denied the rights of an elector in that precinct and ward merely because he legally might have chosen another.
The trial judge said, "We must look to the intent of petitioner." We agree, and find a clear preponderance of evidence that he maintains two residences. His intention to exercise his voting rights from one, rather than the other, is clearly indicated. If he was within his legal rights, and we hold that he was, we must give effect to his expressed intent.
The qualifications to be an elector are defined by Article 8, Section 1 of the Constitution of Louisiana as amended. The pertinent requirements of residence are as follows:
"(a) Residence. He shall have been an actual bona fide resident of the state for one year, of the parish six months, of the municipality in municipal elections four months, and of the precinct, in which he offers to vote, three months next preceding the election; * * *."
See also LSA-R.S. 18:31.
Article 3, Section 9 of the Constitution provides that:
"Every elector under this Constitution shall be eligible to a seat in the House of Representatives, * * *."
Clearly, therefore, the only question is whether plaintiff William E. Stavis is an elector, properly registered, in the Representative District in which he seeks to be a candidate. The only issue upon which that question is presented in this case is that of residence.
Defendants-appellees place much emphasis on the words "actual bona fide resident" in Article 8, Section 1 of the Constitution and in LSA-R.S. 18:31 and quote from Caufield v. Cravens, 138 La. 283, 70 So. 226 (1915), the following:
"* * * The words, `bona fide,' as used in the present Constitution (article 197), appear to have been added to the word, `actual,' as used in the Constitution of 1879 (article 185),[1] merely, as they themselves indicate, to emphasize the importance of `good faith,' as a factor in the determination of the question of residence, and, by the application of that test, to prevent a person who has two or more residences from calling the one or the other his legal residence as it may suit his interest or convenience, but to the prejudice of the rights of others."
In Melerine v. Democratic Parish Executive Committee, 164 La. 855, 114 So. 711 (1927), the Court reaffirmed its opinion in Caufield v. Cravens, supra.
We fully concur in the foregoing statement, but fail to see wherein it supports the the contention of defendants-appellees. On the contrary that case strongly supports the conclusion we have reached. There is not *677 one scintilla of evidence that Mr. Stavis' choice of residence for the purpose of qualifying as an elector was motivated by design or intent to prejudice the rights of others. On the contrary it was made at an unsuspicious time and was unchanged for many years preceding his decision to be a candidate for membership in the House of Representatives. In this connection the following statement of the Court in the same case is pertinent:
"* * * One does not, however, lose his status, as an actual, bona fide, resident of a place, either because he finds it necessary to establish his family elsewhere, or because, in the absence of his family, he does not maintain a domestic establishment at such place. The question is one largely of intention, and the intention of a person, in that respect, is determined by his expressions thereof, at times not suspicious, and his testimony, when called on, considered in connection with his conduct and the circumstances of his life. Plaintiff's testimony as to his intention is uncontradicted, and there is no evidence that he has ever expressed any other intention than that to which he has testified. * * *" 70 So. at 227.
LSA-R.S. 18:364(E) imposes upon us the mandate to decide the issue presented by this appeal within 24 hours after submission. This requirement was met by the timely filing of our decree with a more formal opinion to be filed later. We recognize the importance of our reasons in event of an application to the Supreme Court for writs of certiorari and the need that this opinion be filed as soon as practicable. Under the circumstances, we will not attempt a full discussion of the jurisprudence relevant to the issue here. However, an examination of our jurisprudence in the brief time available to us and particularly the following cases, leaves no question in our minds that our opinion under the facts presented is in perfect harmony with our jurisprudence. Melerine v. Democratic Parish Executive Committee, supra; Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921); Estopinal v. Michel, 121 La. 879, 46 So. 907, 19 L.R.A.,N.S., 759 (1908); Oglesby v. Turner, 127 La. 1093, 54 So. 400 (1911); State ex rel. Fleming v. Joyce, 123 La. 633, 49 So. 219 (1909); Harrison v. Commission Council of Bogalusa, 169 So.2d 159 (La.App. 1st Cir.1964); State ex rel. Carr v. Steele, 200 So. 496 (La.App.2d Cir. 1941); Leopold v. Ninth Senatorial Dist. Democratic Executive Committee, 8 La.App. 232 (Orleans, 1927).
Having decided the issue on the merits in plaintiff's favor, there is no necessity to discuss his objections to the validity of the actions taken by the committee or to the manner in which the committee was convened to hear the protest of his candidacy.
For these reasons, the judgment of the Civil District Court for the Parish of Orleans of August 31, 1967, dismissing the petition for mandamus at petitioner's cost is reversed.
It is now ordered, adjudged and decreed that the protest to the candidacy of petitioner William E. Stavis in the Democratic Party primary election to be held on November 4, 1967, for nomination for the office of member of the State House of Representatives from Representative District No. 22, composed of Ward 4 of the Parish of Orleans, be dismissed.
It is further ordered, adjudged and decreed that writs of mandamus issue to Henry J. Engler, Jr., Chairman of the Orleans Parish Democratic Executive Committee and to said committee ordering and commanding said chairman and committee to accept the qualifying papers of William E. Stavis as a candidate for nomination for the office of member of the State House of Representatives from Representative District No. 22 of Ward 4 of the Parish of Orleans, State of Louisiana, in the primary election to be held on November 4, 1967, and to certify forthwith the name of William E. Stavis to the Secretary of State of Louisiana as a candidate for *678 nomination to said office in the manner and form provided by law, and to do and perform all acts and duties required by law to insure to petitioner William E. Stavis participation in said primary election as a candidate for said office.
Costs of these proceedings are to be paid by defendants-appellees.
Reversed; judgment rendered.
NOTES
[1] That decision was under the Constitution of 1913, but the words were unchanged in the Constitution of 1921.