PRICE, Judge.
The plaintiff, who had appealed his discharge as a Bossier City policeman to the Bossier City Municipal Fire and Police Civil Service Board, challenged in these proceedings the qualifications of a recent appointee, Walter Cook,[1] as a member of the board because he had not been a Bossier City resident for five years preceding his appointment as required by La.R.S. 33:2476(B).[2]
The issue before this court is whether Cook continued to be a resident of Bossier City during his absence on military service during the five-year period preceding his February 1978 appointment to the Civil Service Board as the statute directs. The trial judge found Cook to be a resident and rendered judgment dismissing plaintiff’s demand to have him removed from the board. We affirm the judgment.
The record indicates that defendant, a retired Air Force Master Sergeant, began his residence in Bossier City while stationed at Barksdale Air Force Base during the late 1950’s and early 1960’s. He purchased a home there on two occasions. He has continued to own the second home purchased in 1966 through the date of this proceeding. In June 1968 the Air Force sent defendant to 'Karut, Thailand, on military duty. His family remained at the Bossier City residence until his return in April 1969, whereupon he was ordered to Edwards Air Force Base, California. During his five and one-half year tour at Edwards Air Force Base, Sgt. Cook leased his Bossier City home to third parties. Upon his retirement on September 1,1974, Cook returned to his Bossier City home.
The plaintiff argues that Cook’s absence from February 1973 until September 1974 precluded his having the required five-year residence in Bossier City preceding his appointment to the board and renders his appointment invalid.
The question of whether one is a bona fide resident must be determined by the honest intention of that person, and the quality of these intentions must be tested in each of his expressions thereof, at times not suspicious, considered in connection with his activities and the circumstances thereof. Caufield v. Cravens, 138 La. 283, 70 So. 226 (1915), Robinson v. Atkins, 275 So.2d 444 (La.App. 2d Cir. 1973). The evidence shows that after Cook established his residency in Bossier City during the 1960’s, he at all times intended to make it his permanent home and to return following his temporary military induced absences from June 1968 to September 1974. This intention was manifested by the following expressions: the continuous ownership of his residence in Bossier City; the exercise of absentee voting privilege in Bossier while stationed at Edwards Air Forcé Base; the filing of Louisiana Income Tax returns while stationed in California; the use of his Bossier City address on his official military records all during the time in question. These factors amply support the trial judge’s conclusion that Cook was a legal resident of Bossier City during the time he was away on military duty at Edwards Air Force Base. This *544 conclusion is also supported by the provisions of La.R.S. 1:54, reading as follows:
Residence once acquired shall not be forfeited by absence on business of the state or of the United States. Voluntary absence from the state of two years, or the acquisition of residence elsewhere, shall forfeit a residence within this state.
The cases of Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3rd Cir. 1976) and Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921) relied on by plaintiff are inapplicable to this situation. The claims of residence in Fielding and Hall presented factual situations where the evidence did not establish that the parties intended to reside in the locations which they asserted as their respective residences, nor were military absences under consideration in either case.
Summarizing, it is the holding of this court that Cook was a resident of Bossier City for the requisite five years preceding his February 1978 appointment to the Bossier City Municipal Fire and Police Civil Service Board, and for the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.

. Plaintiff initially challenged the eligibility of another, Tev Allen. The trial court dismissed this challenge as of non-suit because Allen’s term had expired and he was replaced.

. La.R.S. 33:2476(B) provides in pertinent part:
To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment and, at the time of his appointment, shall be a qualified voter of the municipality; . . .