GULOTTA, Judge.
Plaintiff appeals from a judgment upholding the validity of a nuncupative will under private signature, executed August 14, 1969 and probated on March 3, 1977. Plaintiff contends that the formalities of Civil Code art. 1581 were not fully complied with, because less than five of the signing witnesses were residents of St. James Parish, the place of execution of the will.[1] There is no dispute as to the St. James Parish residency of four of the witnesses, but plaintiff seeks to invalidate the will on *909 the grounds that a fifth witness, Whitney J. Jasmine, Jr., was a non-resident of St. James Parish on the day he witnessed decedent’s will. We reject plaintiff’s argument and hold that Whitney J. Jasmine, Jr. was a bona-fide resident of St. James Parish on August 14, 1969.
Jasmine’s residence of origin was St. James Parish. He was born in St. James, attended school there, and continued to attend church there even after his temporary absence from the parish. Because of his economic circumstances, after marriage in 1966, Jasmine lived with his in-laws in St. John Parish. Although Jasmine was residing in that parish with his in-laws on the date he witnessed the will, he testified that he had no intention, at that time, of abandoning his St. James residency.
Jasmine testified further, that he had every intention of returning to St. James Parish as soon as he had found a suitable place to live; that he had made unsuccessful attempts to locate a residence in St. James; that he had purchased a lot in St. James (on January 31, 1970, five and one-half months after the will was made), upon which he intended to build a home. This Act of Sale contains a recitation that Jasmine was a resident of St. James Parish. In this connection, Jasmine testified that he purchased the property with the intention of returning to live in St. James Parish. His testimony is:
“My family was up there and I liked living up there all my life, so I had intended to move on back there as soon as I had the money or so to build my home up there.”
Jasmine registered to vote in St. James Parish when he became twenty-one years of age, but upon his temporary move to St. John he had re-registered in the latter parish. His Voter Registration, made part of the record, indicates that he had voted in St. John nine times between 1966 and the date of the execution of the will; however, he testified that this change of registration to St. John Parish was for the purpose of supporting a “black” candidate who was running for office.
A person retains his bona-fide residence until he acquires another. This rule is in accordance with the doctrine that a domicile once gained remains until another is acquired, where the question is largely one of intention at an unsuspicious time. In Caufield v. Cravens, 138 La. 283, 70 So. 226 (1915), the Supreme Court stated:
“One does not, however, lose his status as an actual, bona fide, resident of a place, either because he finds it necessary to establish his family elsewhere, or does not, in the absence of his family, maintain a domestic establishment in such place. The question is one largely of intention, and the intention of a person, in that respect, is determined by his expression thereof, at times not suspicious, and his testimony, when called on, considered in connection with his conduct in the circumstances of his life.”
We reject the contention of opponents that Jasmine lost his residence of origin because he found it necessary to live with his in-laws in St. John parish and that he registered and voted, on a number of occasions, in that parish. The evidence demonstrates that Jasmine’s intention at an unsuspicious time (expressed in the Act of Sale) was to return to his parish of origin.
Accordingly, we conclude that Jasmine was a bona-fide resident of St. James Parish at the time he witnessed the nuncupa-tive will by private act. The judgment is affirmed.

AFFIRMED.

REDMANN, J., concurs and assigns reasons.
SCHOTT, J., dissents and assigns reasons.

. C.C. art. 1581: A nuncupative testament, under private signature, must be written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place.