LeSUEUR, Judge.
On June 12, 1970, Mr. Lemmon, an attorney, completed and filed forms necessary to qualify as a candidate in the Democratic Primary for the office of Judge of the Court of Appeal, Fourth Circuit, Third District. The plaintiff objected to the candidacy denying that Mr. Lemmon was a resident or elector of the District and lodging an appropriate petition with the Democratic Committee sponsoring the election.
A hearing was convened and testimony taken, after which, the Committee dismissed the petition. The plaintiff appealed the Committee’s decision to the Twenty-Ninth Judicial District Court. The court conducted a de novo hearing and, after considering the transcript and some additional testimony, affirmed the decision of the Committee. Plaintiffs then appealed to this court.
The constitutional provision at issue is Art. 7, § 22, of the La. Const, (as amended Acts 1958, No. 561, adopted Nov. 4, 1958).
“The judges of the courts of appeal shall be citizens of the United States and *50 qualified electors of the state, licensed to practice law in the state for at least six years immediately preceding their election. They shall be residents of the circuit or of the district from which they are respectively elected, and must have resided in their respective circuits or districts for at least two years immediately preceding their election.”
The principal question related to residence is not so obvious as it might seem. The plaintiffs for example argue in the main that Mr. Lemmon’s residence was somewhere other than Hahnville. More specifically, they contend that since 1967 the Lemmons’ exclusive residence has been their house on Napoleon Avenue in New Orleans, at which Lemmon admits he spends most of his nights. To state the question in these terms is, however, within itself, entirely misleading for it is plain that a Louisiana citizen may legally maintain as many residences as he wishes and his means will allow. See Stavis v. Engler, La.App., 202 So.2d 672. In this sense residence is not to be confused with domicile, the concept which, like the plaintiffs at bar, directs its focus to a citizen’s principal domestic establishment.
Whether or not the principal Lemmon domestic establishment has been or was always in Orleans or Jefferson is, therefore, entirely irrelevant. The sole question is whether Mr. Lemmon maintained a residence within the Third District for the two years preceding election.
The evidence is clear that for a period of time well in excess of that minimum Mr. Lemmon has maintained his offices in Hahnville and has spent virtually all of his working days there. Though he and his wife spend most nights elsewhere they have maintained, for their exclusive use, a suite of rooms in the home of Mr. and Mrs. James Vial, the parents of Mrs. Lemmon, in Hahnville, since their marriage. They have furniture there and keep clothing and necessities for their children on the premises. They spend at least 25 and perhaps 75 or more nights per year in these quarters. They have complete use of the utilities, equipment and necessities there, do their own entertaining in the house, come and go without prior arrangements and have their own key.
Both Mr. and Mrs. Lemmon are registered to vote in Hahnville and have been so registered since 1963. They have received mail there, paid taxes there and used the Hahnville address in dozens of other ways. Under' these circumstances, we see no basis upon which we might reasonably set aside the Committee and trial court fact finding of residence in Hahnville.
The plaintiffs also argue that Mr. Lemmon is not a qualified elector, asserting basically that the 1963 application was secured by misrepresentation. This question, however, is not properly before this court.
In the first place, the constitutional provisions currently governing registration seem to preclude collateral attack upon the registration rolls. See Art. 8, § 5. In the second, no charge of misrepresentation relevant to the 1963 registration was included in the petition filed with the Committee. As was held in Leopold v. Democratic Executive Committee, 8 La. App. 232 (1927), and as the Supreme Court observed in Melerine v. Democratic Parish Executive Committee for Parish of St. Bernard, 164 La. 855, 114 So. 711 (1927):
“ * * * any obj ection to a candidate shall set forth ‘in detail’ the reason why said candidate is not qualified; so that the only question before the committee is whether said objections be well founded. And since the court can only review the decision of the committee, it follows that any other objections which might have been made, but were not made, are wholly immaterial to the issues before the court. And since new objections cannot be urged before the *51 court which were not set up ‘in detail’ before the committee, it follows that this plaintiff was not called to anticipate any such new objections by setting forth in his petition, and later on proving, that he has all the qualifications required for the office which he seeks. To hold otherwise would amount, in effect, to allowing objections to plaintiff’s candidacy to be made for the first time in the courts and not before the committee, and to allow such objections to be made not ‘in detail,’ but in the most general manner conceivable * * (Emphasis added.)
For these reasons, the judgment appealed from is affirmed.
Affirmed.
DOMENGEAUX, J., absent.
SWIFT, J., dissents.