Dear Mr. Fowler:
You have requested an Attorney General's opinion on the following issue:
 Should a person be allowed to register to vote where he provides a residence address which merely describes a specific area of residence but does not provide an address containing a street name and municipal number?
This issue has arisen as a result of homeless individuals who do not reside inside a specific residence. You state that you have been advised that some of these individuals registering to vote plan to list their residence addresses as either an area or a named park located between known streets or as "under the Mississippi River Bridge", and providing a specific location.
LSA-R.S. 18:104(A), in pertinent part, states:
 A. The commissioner of elections, subject to approval by the attorney general as to content, shall prescribe the form that shall be used uniformly by each registrar in the state and any person authorized to accept voter registration applications in registering qualified citizens to vote. The form shall contain spaces for at least the following information with respect to the applicant:
 * * *
 (7) Place of residence, including street or apartment number or both, municipality (if any), and if a rural address, sufficient information, in addition to route and post box number, to identify the precinct of residence, and mailing address.
Also pertinent to our discussion is LSA-R.S. 18:101(A) and (B), which, in part, states:
 A. (1) Every citizen of Louisiana who is least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not disfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local state, and national elections held in this state . . .
 * * *
 B. For purposes of the laws governing voter registration and voting, `resident' means a citizen who resides in this state and in the parish, municipality (if any), and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides . . .
Our research has not revealed any Louisiana case law which addresses these residency requirements with respect to the homeless. However, several other states have been faced with similar issues. In Pitts v. Black, 608 F. Supp. 696 (S.D.N.Y., 1984), a group of homeless persons brought a class action suit, based on the Equal Protection Clause of the Fourteenth Amendment, against the City of New York because the City's Board of Elections refused to allow the homeless to register to vote on the ground that the homeless lacked a legal residence. The court in New York found the City's standard too restrictive and, subsequently, violative of the homeless applicants' right to participate in elections. As a result, homeless individuals in New York who identify "a specific location within a political community which they consider their home base, to which they return regularly, manifest an intent to remain for the present, and a place from which they can receive messages and be contacted," satisfy the standard for establishing a domicile for purposes of voter registration. Id. at 709.
In Fischer v. Stout, 741 P.2d 217 (Alaska 1987), the Alaska Supreme Court stated that "residence", for the purposes of the state constitution and statute requiring voters to be residents of the election district in which they vote, need only be some specific locale within the district at which habitation can be specifically fixed. "It need not be a house or apartment. It need not have mail service . . . Thus, a hotel, shelter for the homeless or even a park bench will be sufficient." Id. at 221.
In Collier v. Menzel, 176 Cal.App.3d 24, 221 Cal.Rptr. 110, (1985), a petition for writ of mandamus was brought regarding the voter registration of several homeless individuals. The California Appellate Court determined that denying voter registration on the ground that applicants listed a city park as their residence violated equal protection. The court further explained that the traditional notion that a dwelling or habitation for voter registration signifies four walls is not imbodied in the pertinent laws. Id. at 112. The fixed and determinable area of the park and its pertinent precinct along with the intent of the applicant to remain there and returning to it after temporary absences qualifies it as a proper residence for the purposes of voter registration. Id.
While this jurisprudence is pertinent to the issue at hand, we are not bound by other State Court decisions. Instead, we are guided by Louisiana State Court decisions which interpret Louisiana's residency requirements regarding voter registration. In Attorney General Opinion Number 95-431, this office stated a homeless individual may use a shelter as his residence for the purpose of registering to vote, provided that the residency requirements of LSA-R.S. 18:101(B) are satisfied. The basis for this conclusion was that some shelters have identifiable quarters on which one can positively respond to the requirements of LSA-R.S. 18:101(B).
In the case of Soileau v. Board of Supervisors, St. MartinParish, 361 So.2d 319 (La.App. 3rd Cir. 1978), plaintiff brought an action to have a candidate declared disqualified to run for city court judge. Qualification as a candidate in an election is determined, in part, by one's residency status. Therefore, in verifying the candidate's residence, the Louisiana 3rd Circuit Court of Appeal analyzed the meaning of one's "residence" within the context of LSA-R.S. 18:101(B), stating:
 Intent to maintain a residence is an important factor, but intent alone does not establish a bona fide residence. There must be actual, physical use or occupation of quarters for living purposes before residence is established. Id. at 322, citing Williamson v. Village of Baskin, 339 So.2d 474.
Therefore, the intent to establish a residence, coupled with physical actions denoting the acquisition of a residence is sufficient to establish residency for purposes of LSA-R.S.18:101(B). This case begs the question of whether a residence at a park or under a bridge amounts to living quarters.
In Brown v. Democratic Committee, 238 So.2d 48 (La.App. 4th Cir. 1970), the Louisiana 4th Circuit Court of Appeal established a test that an individual is "required to maintain such a relation with the place or premises so selected as will entitle him at his will, and without making new arrangements therefor upon each return to occupy such place whenever his necessities or pleasure require, and this without having to ask the permission of someone else." Likewise, this case begs the question of whether a residence at a park or under a bridge is legal, as our Criminal Code provides a crime of vagrancy when persons loaf the streets or loiter public places without lawful business or reason to be present. LSA-R.S. 14:107.
The court in Miller v. Poimboeuf, 514 So.2d 484 (La.App. 3rd Cir. 1987), in applying the Brown test, expounded on its application. The residence at issue was a home that was held by the court to contain "all the comforts, amenities, and ordinary fixtures and furnishings that meets (sic) society's expectations of a residence. Telephone and utility service were maintained, meals were prepared, regular housekeeping chores were done, and other normal body functions and needs were carried out in the home."Id. at 487. Residence at a park or under a bridge can not possibly provide any such amenities of a residence.
The residency requirements of LSA-R.S. 18:101(B) mandate that the individual reside in this state, in the parish and municipality, and precinct where he offers to register and vote and the individual has the intent to reside at such place indefinitely. It is our opinion, based on the Louisiana Election Code and Louisiana case law, that a city park or an area under a bridge would not satisfy Louisiana's residency requirements for the purposes of voter registration pursuant to LSA-R.S. 18:101(B).
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb