Dear Judge Fedoroff:
We are in receipt of your request for an Attorney General's opinion regarding the residency requirements of your office. Your letter states that you are currently serving your last term as Judge and you seek an opinion as to whether there is any law which requires you to continue to live in Orleans Parish in order to serve out the remainder of your term.
The 1974 Louisiana Constitution provides for the qualifications of judges as follows:
 § 24. Judges; Qualifications
 Section 24. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.
With respect to domicile, the constitution only requires a district court judge to have been domiciled in the district for 2 years preceding the election in order to be qualified to run for the office. This is a requirement that must be met prior to the election.
In the case of Brown v. Democratic Committee, Court ofAppeal, Fourth Circuit, Third District, 238 So.2d 48 (La. 4 Cir. 1970), the 1921 constitutional requirements for judge were at issue. Art. 7, Sec. 22 of the 1921 Constitution (as amended in 1958) provided:
 The judges of the courts of appeal shall be citizens of the United States and qualified electors of the state, licensed to practice law in the state for at least six years immediately preceding their election. They shall be residents of the circuit or of the district from which they are respectively elected, and must have resided in their respective circuits or districts for at least two years immediately preceding their election.
Comparing the 1921 provisions at issue in this case to the present 1974 Constitution, Art. 5, Sec. 24, it is our opinion that the 1921 Constitution had more requirements, in that it required (1) that the judges be residents of the circuit/district from which elected, and (2) a prior residency in the circuit/district for at least two years immediately preceding their election; whereas, the present Constitution only requires prior domicile in the district/circuit/parish two years preceding the election.
After reviewing the Constitutional Convention debates in 1973, it appears that the members' concerns focused on the five-year qualification requirement prior to the election, as opposed to qualifying. The change from the term residence to domicile was mentioned as having been done, but again, the primary focus was on the two-year domicile requirement having been met prior to the election, as opposed to the time of qualifying. The members did not discuss the matter at hand, and that is, whether a judge would have to continue to either reside or be domiciled in the circuit/district/parish after election for a vacancy not to occur in office.
Therefore, the question to be answered herein is whether a move outside of the district after election, creates a vacancy in this particular office. Article 5, Section 22 of the Constitution provides for the filling of vacancies in the office of judge. Article 10, Section 28 defines a vacancy as follows:
 § 28. Definition of Vacancy
 Section 28. A vacancy, as used in this Constitution, shall occur in the event of death, resignation, removal by any means, or failure to take office for any reason.
This constitutional provision can be compared and contrasted to the Louisiana Election Code, R.S. 18:581, which further defines "vacancy" to mean "[w]hen the person elected to or holding the office no longer meets the residence or domicile requirements of that office". However, this provision of the Election Code does not apply in this instance. [R.S. 18:582].
In conclusion, it is our opinion that no law requires you to remain domiciled in the Parish of Orleans once elected, in order to serve out the remainder of your term in office as a District Court Judge for the Civil District Court of the Parish of Orleans, nor is a vacancy created upon moving outside of the district.
If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL;cwr
Cc: Louisiana Supreme Court