Dear Mr. Wilson:
We are in receipt of your request for an Attorney General's Opinion regarding an inactive voter challenge. Your letter states that two registered voters' names [a father and son] recently appeared on the inactive list in the Official Notices section of the Times Picayune daily newspaper, as required by law on the annual publication of the inactive voters. The father called your office to ask why his son's name was published on the inactive list. The Voter Registration Specialist in your office explained the matter, and during the conversation, the father stated that the registration address was a business address. Thereafter, the father came to your office to prove that his son's address was a valid address and that he and his son had been living at the address for some time. The father would not confirm that the address was a business address, and when questioned would only state that it was a building. The father contends that he and his son are qualified to be registered at the building address because they receive mail at the address.
LSA-R.S. 18:193(G) allows the registrar to send notice to a person who he believes has been illegally or fraudulently placed upon the registration records. This notice must state the alleged irregularity in the registration and inform the person that he must appear in person at the registrar's office within twenty-one days to show cause why his name should not be removed from the voter registration rolls.
It is our understanding that the Registrar's office followed the cancellation procedure outlined above upon learning that the original registration application contained a business address. However, since the father appeared with sufficient documents [proof of receipt of mail at the address] to prove that both he and his son are residents of this business address, you question whether you can cancel the registration for the reason that it is a business address and not a residence. Your letter states that your staff visited the address in question and confirmed that the address belongs to a business which operates as a Bar-B-Que restaurant.
The law mandates that an applicant establish his identity, age and residency when registering to vote at a registrar of voter's office. LSA-R.S. 18:101. "`Resident' means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely." Id. In Stanton v.Hutchinson, 370 So.2d 106 (La.App. 1 Cir. 1978), the court states, "when the legislature used the terminology `reside,' `resident' and `residence' governing voter registration it meant where an individual lives, where he sleeps and eats." Jurisprudence has further held in Miller v. Poimboeuf, 514 So.2d 484 (La.App. 3 Cir. 1987), that an individual was a properly registered voter in the parish, even though he had residence in another parish because his home in parish of registration met society's expectations of a residence, such as telephone and utility service, preparation of meals, performance of regular housekeeping chores, sleeping and performing other normal body functions and needs there.
We are of the opinion that if an original voter registration application contains an illegal or fraudulent address, the registrar has a duty to challenge the registration. Since the registrar was told by the father that the address was a business address and since this was confirmed by the registrar's staff, the registrar has properly challenged the voters under R.S. 18:193(G). Additionally, the registrar can check the local telephone directory for the voters' address, and can inquire as to any homestead exemption on file with the Assessor's office.
It is our opinion that unless the voters can prove that the business address is also where the voters live, sleep, eat, and maintain a regular house that meets society's expectations of a home, the law allows for cancellation of the registration where the original application contained an illegal or fraudulent residence address. We do not believe that proof of receiving mail at an address is sufficient to contradict (1) the father's own statement that the address was a business address, and (2) the staffs confirmation that the address was a business address, and (3) any other information that might be gained through the telephone directory and/or the Assessor's office.
We note that if any person is denied registration or reinstatement, and the person alleges that he possesses the qualifications for voting, he may apply for relief, without cost,
to the district court in his jurisdiction. LSA-R.S. 18:113. Thus, because of this remedy, we are of the opinion that the registrar does have the authority to make a final determination of cancellation in a situation such as the one at hand, and the person bears the burden of proving to a court of law that he possesses the qualifications to registrar to vote at that business address.
We hope this opinion sufficiently addresses all of your questions herein. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Cc: Hon. Suzanne H. Terrell