Dear Ms. Quienalty:
Your request for an Attorney General's opinion regarding the voter registration application of an incarcerated individual has been assigned to me for research and reply. Your letter states that you received a mail voter registration application from Wilbert Rideau and that Mr. Rideau's prior conviction was overturned by the United States Court of Appeals for the Fifth Circuit and Mr. Rideau has been remanded to the Calcasieu Correctional Facility awaiting a new trial date. You also included a copy of a letter from District Attorney Rick Bryant indicating his position as to why Mr. Rideau does not meet voter registration requirements.
You seek our opinion on the following questions:
 1. How to properly handle this voter registration application.
 2. The law on intent to reside in the parish for registration purposes.
 3. If Mr. Rideau is properly registered to vote, instructions on how Mr. Rideau may vote since he used the mail application procedure to register.
Response to Question No. 1:
Louisiana's Election Code provides for mail application to register to vote:
 103. Personal appearance of applicant required; exceptions[1]
 A. Except as otherwise specifically provided by law, any person who meets the qualifications for voter registration and desires to register as an elector shall apply to do so by making application in person to a registrar or deputy registrar of the parish in which he seeks to register, by submission of the federal postcard application form as authorized in this Code, by application through the Department of Public Safety and Corrections, by application through designated voter registration agencies, or by mail
using the national voter registration form as promulgated by the Federal Election Commission or the state mail voter registration form.
* * * (emphasis added).
§ 115. Registration by mail[2]
 A.(1) In addition to the national voter registration form promulgated by the Federal Election Commission, the commissioner of elections shall design and distribute a state mail voter registration application form. The state mail voter registration form shall include the eligibility requirements for registration.
 (2) A person may apply to register to vote by mail by completing, signing through handwritten signature, and returning either the national voter registration form or the state mail voter registration form to the registrar of voters for the parish in which the applicant resides.
 (3) State mail voter registration application forms received by a registrar of voters from voter registration agencies as defined in R.S. 18:2(8) shall be subject only to the provisions enumerated in R.S. 18:116.
* * *
Louisiana's Election Code further requires the registrar to determine the eligibility of an applicant who registers by mail by sending a verification mailing to the applicant at the address provided on the application form:
 [I]f such mailing is not returned to the registrar within ten days from the date of mailing, the applicant shall be added to the official list of voters and the registrar of voters shall send a notice of registration to the applicant.[3] (emphasis added).
If an applicant, however, fails to provide all of the required information on the application for voter registration, the registrar must notify him with a verification mailing and the applicant has ten days to comply. Failure to comply allows the registrar to reject the application. LSA-R.S. 18:115(B)(1)(b).
Thus, in response to your first question, it is our opinion that if Mr. Rideau provided all of the required information on the application for voter registration, then you are to send a verification mailing to Mr. Rideau at the address provided on the application form. If the verification mailing is not returned to you within ten days from the date of mailing, you are mandated by law to add Mr. Rideau to the voter registration rolls.
Response to Question No. 2:
District Attorney Rick Bryant provided you with a letter which summarizes the facts and law of this matter. It is his position that Mr. Rideau does not meet voter registration requirements, as he is of the opinion that Mr. Rideau has not demonstrated an intent to reside in Calcasieu Parish indefinitely, as required by R.S. 18:101(B):
 B. For purposes of the laws governing voter registration and voting, `resident' means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely.
* * * (emphasis added).
There are several examples in Miller v. Poimboeuf[4], which makes it clear that a person can have several residences and may choose at which one to register to vote:
 The Louisiana Supreme Court, in the case of Messer v. London, 438 So.2d 546, on the questions of domicile and residence had the following to say:
 `Residences and domiciles are not synonymous terms. A person can have several residences but only one domicile.
* * *
 Domicile is a person's principal domestic establishment, as contrasted to a business establishment.'
 In the case of Soileau v. Board of Supervisors, St. Martin Parish, 361 So.2d 319, the Third Circuit Court of Appeal held that the term, residence, is not to be confused with the term "domicile". The Court further held that a person can have only one "domicile", but may have more than one residence and, even though one of such residences may be maintained for political purposes, such fact does not prevent the residence from being bona fide.
 In Stavis v. Engler, 202 So.2d 672 (La.App. 4th Cir.) the Court held that a Louisiana citizen may legally maintain as many residences as he wishes and as his means will allow. The Court further [sic] stated that he could not legally register and qualify as an elector in more than one precinct, but the choice was his.
The Election Code states that "if a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides." LSA-R.S. 18:101(B). The Election Code does not require an applicant to register at his domicile, but rather at his residence.
In Attorney General Opinion No. 78-1507, in addressing whether a state employee who was registered to vote in the Town of Jackson, but lived and worked at Angola was eligible to vote in municipal elections in the Town of Jackson, our office stated:
 Generally, a determination of a person's residence `is one largely of intention, and the intention of a person, in that respect, is determined by his expressions thereof at times not suspicious, and his testimony when called on, considered in connection with his conduct and the circumstances of his life. See Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186, (La.App. 3rd Cir., 1976), and Stavis v. Engler, 202 So.2d 672.
"'(W)hether a person is or is not a resident of a particular place is a question of law as well as fact, and is to be determined from all of the facts of each particular case'". Fielding, 331 So.2d at 188.
It is our opinion that since Mr. Rideau signed a voter registration application, that if false subjects him to criminal penalties under R.S.18:1461, you are to accept this declaration as his intent to reside where he so claims, unless and until challenged and proven otherwise.
Other states specifically provide that an incarcerated person's residence for voting purposes is deemed to be their official residence prior to incarceration and not the institution where they are confined. Some examples are Pennsylvania, 25PS 3146.2(f) and (g); and Vermont, 28 Vt.Stat.Ann. 807. Louisiana law, however, does not address this issue.
Response to Question No. 3:
The only way an incarcerated person may vote in Louisiana is absentee by mail:
 G. Persons incarcerated. A person incarcerated in an institution inside or outside the parish in which he is qualified to vote, who is not under an order of imprisonment for conviction of a felony, may only vote absentee by mail and only upon meeting the requirements of this Chapter and certification to the appropriate registrar by the sheriff of the parish where the person is incarcerated that he is not a convicted felon.
LSA-R.S. 18:1303(G) (emphasis added).
Mr. Rideau, however, applied to register to vote by mail application. Thus, his choice of registration requires him to appear before the registrar or the commissioners of the polling precinct so that he can be identified as the person who registered by mail application, unless he has previously voted in the parish. LSA-R.S. 18:115(F) provides:
 F.(1) Any registered voter who has registered by mail and has not previously voted in the parish in which he is registered shall vote:
 (a) Absentee in person in the office of the registrar of voters, or
 (b) In person at the precinct in which he is registered to vote.
 (2) Notwithstanding the provisions of R.S. 18:562(D) or 1309(D), the commissioner or registrar of voters shall identify each such voter by requiring the voter to submit his current Louisiana driver's license or other picture identification card.
In conclusion, because of Mr. Rideau's choice of mail application to register to vote, unless he has previously voted in the parish, as an incarcerated person he will not be able to vote absentee by mail.
Trusting this opinion addresses all of your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
CC: Hon. Rick Bryant
Date Released: September 18, 2002
[1] LSA-R.S. 18:103.
[2] LSA-R.S. 18:115.
[3] LSA-R.S. 18:115(B)(1)(a).
[4] 514 So.2d 484, 487 (La.App. 3rd Cir.).