Dear Commissioner Terrell:
A question has arisen concerning whether homeless persons may register to vote where they possess a non-traditional residence but have the ability to receive mail from certain agencies, such as the Multi Service Center for the Homeless in New Orleans. This matter resulted from the proposed registration [and litigation] of a homeless man by the name of Nyron Barnum who was legally represented by the New Orleans Legal Assistance Corporation ["NOLAC"]. In order to clarify this matter for all registrars in the state, you seek our opinion on the following questions:
 1. Does opinion no. 99-113 previously issued by the attorney general cover this situation?
 2. If not, pursuant to Louisiana statute, regulation and case law, may an individual who is homeless and does not occupy a residence with a numbered address nor does he occupy a shelter on a regular basis register to vote in light of the requirement that an individual have a residence address for registration in Louisiana?
First, Attorney General Opinion No. 99-113 does not specifically address this matter. In Attorney General Opinion No. 99-113 our office concluded that under Louisiana's Election Code and case law, "[a] city park or an area under a bridge would not satisfy Louisiana's residency requirements for the purposes of voter registration pursuant to LSA-R.S. 18:101(B)." We did not consider the fact of a non-traditional residence coupled with a mailing address such as the Multi Service Center for the Homeless. Implicit in this issue, however, is the question of a person's fundamental right to vote even if they lack a permanent home.
It is obvious from a reading of Louisiana's Election Code that the circumstances surrounding the fundamental right to vote of homeless individuals without a permanent residence or a traditional residence apparently were not originally contemplated by the Legislature and therefore do not fall neatly within any governing statutory provisions. The changing social circumstances which have given rise to increased numbers of homeless individuals, however, compels government to give due accommodation to their right to vote. Accordingly, for the reasons set forth below, we are of the opinion that homeless persons may register and vote, notwithstanding their lack of a permanent place of residence or traditional residence, so long as they satisfy the constitutional and statutory requirements of citizenship, age and of residence in this state, parish and municipality, including sufficient information to identify the precinct of residence, and a mailing address, and who has not been disfranchised. Whether these factors are satisfied is a fact-based assessment to be made by the individual registrars of voters in each parish.
Our analysis begins with the recognition that "the exercise of the right to vote is a fundamental right, which is preservative of all other rights in a democracy, and deserves the strictest constitutional protection." Pitts v. Black, 608 F. Supp. 696, 708 (S.D.N.Y. 1984), citingReynolds v. Sims, 506 U.S. 533, 562, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506
(1964) and Yick Wo v. Hopkins, 118 U.S. 356, 370, 6 S.Ct. 1064, 1071,30 L.Ed.2d 220 (1886). "Each citizen has `a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction'". Id., citing Dunn v. Blumstein, 405 U.S. 330, 336,92 S.Ct 995, 1000, 31 L.Ed.2d 274 (1972) and others.
Under our state constitution the right to vote has been granted to all citizens of the state who are 18 years of age. LSA-Const. Art. I, § 10 (1974). Implementing legislation enacted in furtherance of this provision, R.S. 18:101, provides that "every citizen of Louisiana who is at least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not disfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local, state and national elections held in this state."
Nowhere in our state constitution or in our election code is there any requirement that a person have a home or a traditional residence as an absolute prerequisite to the exercise of the franchise based on actual residence in a precinct. In fulfilling the constitutional and statutory mandates in the context of more traditional disputes over proper voter registration, courts will often turn to an examination of concepts of residence and domicile. See, Soileau v. Board of Supervisors, St. MartinParish, 361 So.2d 319 (La.App. 3rd Cir. 1978), and Brown v. DemocraticCommittee, 238 So.2d 48 (La.App. 4th Cir. 1970), and Miller v.Poimboeuf, 514 So.2d 484 (La.App. 3rd Cir. 1987), as discussed in Atty.Gen.Op. 99-113, where "residence" means actual, physical use or occupation of quarters for living purposes where someone can return to occupy whenever his necessities or pleasure require, without having to ask permission.
When dealing with a homeless person, the above definitions are not entirely helpful since such persons lack the traditional permanent structure or "home" that most other consider a "residence". Thus, determining whether an individual actually resides in a certain precinct requires an assessment of whether the person maintains a relationship with the place or premises so as to entitle him to occupy that place or premises at his will or where he intends to remain. Martinez v. Bynum,461 U.S. 321, 103, S.Ct. 1838, 1844 n. 13, 75 L.Ed.2d 879 (1983). As with all voters, the registrars of voters across the state have the duty to verify the continued voter qualifications of registrants. See, R.S. 18:191et seq. This is usually done by mailings to the residence address. In this vein our office has previously opined that "[a] homeless individual may use a shelter as his residence for the purpose of registering to vote". Atty.Gen.Op. 95-431. This is so that the registrar can send a canvass card to the registrant to verify his continued registration. Other states use "contact points" for registering the homeless, which is simply a shelter, church or municipal building where the homeless may physically reside from time to time and where mail for them will be received.
While Louisiana has no reported cases involving these precise situations, litigation has been threatened and it has in fact occurred in other states where the lack of a permanent residence was used, initially, to justify the government's refusal to allow the homeless to register to vote. Such attempts were found to have violated various constitutional rights of the applicants, and courts have bee forceful in criticizing attempts to disenfranchise the homeless in this way. See,Pitts, supra, and Collier, supra.
Thus, it is our opinion that the literal and strict application of our election law requirements must be construed in such a way as to afford the fundamental right to vote to homeless individuals or at least in a way that does not unduly frustrate their voting rights. Thus, as contemplated by the National Voter Registration Act, a homeless individual should be allowed to provide his place of residence on our voter registration form and give sufficient information, such as a drawing on a locational map, if he has a non-traditional residence, See,11 C.F.R. § 8.4(a)(2), and he is required to give a mailing address. A homeless individual is required, nevertheless, to comply with all other presence of the commissioners on election day. It is in this instance that we are of the opinion that the integrity of the electoral process is balanced by the equal right of a homeless citizen to register and vote.
In sum, it is our opinion that the State of Louisiana can not deny an individual the right to vote on the basis of his homelessness, so long as the constitutional and statutory requirements of citizenship, age, state, parish and municipality residence are met, with sufficient information to identify the person's precinct and with a mailing address for canvassing purposes.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ ANGIE ROGES LAPLACE Assistant Attorney General
RPI/ARL;mjb cc: Charles M. Delbaum, Esq.